**COX, WOOTTON, LERNER GRIFFIN & HANSEN, LLP**
Marc T. Cefalu (SBN 203324)
900 Front Street, Suite 350
San Francisco, CA 94111
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Plaintiff
ST LIBERTY, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST LIBERTY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> That Certain 38' Fountain Power Boat, 2008 Express Cruiser Model, Official No. 1229074, at one time named "BRINLEY GREYSON," its Engines, Tackle, Machinery, Furniture, Apparel, Appurtenances, etc., *In Rem*, and DOES 1-10. <br><br> Defendants. | Case No.: 8:18-cv-00096-DOC-JDEx <br><br> **IN ADMIRALTY** <br><br> **PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER AUTHORIZING ISSUANCE OF A DEPOSITION SUBPOENA PRIOR TO THE RULE 26 MEETING** |

Plaintiff, ST LIBERTY, LLC ("Plaintiff") by and through its counsel of record, Cox, Wootton, Lerner, Griffin & Hansen, LLP, hereby applies to the Court *ex parte* for an Order allowing counsel to issue a Deposition Subpoena pursuant to FRCP 45(a) prior to any Rule 26 Meeting. Plaintiff submits that *good cause* exists for granting this request because the Defendant vessel has not yet been served with process and the requested *limited* discovery is directed toward learning the current and/or potential location of the subject

-1-   Case No. 8:18-cv-00096-DOC-JDEx
PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER AUTHORIZING THE ISSUANCE OF A . . .

vessel from the only person whom Plaintiff has been able to locate that may have relevant information to disclose.

## PROCEDURAL AND FACTUAL BACKGROUND

As the Court may recall, this is a Rule C vessel arrest action in which Plaintiff seeks to foreclose a preferred ship mortgage in its favor against Defendant vessel, at one time known as "BRINLEY GREYSON," Official No. 1229074, Hull No. FGQ8E111H708, a 2008 Fountain Power Boats Express Cruiser model, 38 feet in length, (hereinafter "Vessel" of "Defendant"). This Application is made *ex parte* because no appearance has yet been made by Defendant herein.

1. The Verified Complaint in this action was filed on January 18, 2018, praying that the Vessel be arrested and sold to pay Plaintiff's demands and claims and for other proper relief. See Docket No. 1.

2. On January 19, 2018, the Clerk of the Court issued a Warrant for Arrest of the Vessel commanding the U.S. Marshal for this District to arrest the Vessel and take her into custody. See Docket No. 10.

3. On January 26, 2018, the Clerk of the Court issued a 21 Day Summons as against the Vessel. See Docket No. 15.

4. At or about the date that this action was filed, Plaintiff was aware of the location of the Vessel within this District and planned to work with the U.S. Marshal to complete service of the Verified Complaint, Summons, Warrant of Arrest and related documents upon their issuance. See Declaration of Marc T. Cefalu ("Cefalu Decl.") at ¶ 2. However, on or about January 24, 2018, Plaintiff's representatives learned that the Vessel had been removed from its location. Since that time, Plaintiff's representatives have been searching for the Vessel in order to effectuate its arrest, but have been unable to locate it. Plaintiff has likewise been unable to locate the Vessel owner. Cefalu Decl. at ¶ 3.

COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA 94111
TEL: 415-438-4600
FAX: 415-438-4601

5.     On or about January 23 or 24, 2018, Plaintiff's representatives were contacted by the representative (a family law attorney) of Nicole Hallett. Ms. Hallett is the estranged wife (and/or ex-wife) of the Defendant Vessel owner's Managing Member.  Plaintiff's representatives were informed by Ms. Hallett's representatives that she maintained an ownership interest in the Vessel, that she knew its location, and that she would reveal the location and release any purported interest in the Vessel if the parties could agree upon appropriate financial terms.  The parties could not come to an agreement upon terms and Ms. Hallett did not disclose the location of the Vessel.  Plaintiff's representatives continued searching for the Vessel and the owner's representative, but have been unsuccessful.  Cefalu Decl. at ¶4.

6.     On about March 3, 2018, Plaintiff's counsel spoke to Ms. Hallett's representative.  In that conversation, further potential terms were discussed pursuant to which Ms. Hallett would release any purported interest in the Defendant Vessel.  The terms were not acceptable to Plaintiff.  Ms. Hallett's representative indicated that Ms. Hallett was not aware of the current location of the Vessel at that time.  However, Ms. Hallett does provide the Vessel owner's Managing Member with visitation of their two minor children, so it certainly possible that she either has now, or will, learn the location of the Vessel before any deposition is scheduled.  Ms. Hallett's representative also indicated a shared fear with Ms. Hallett that the Vessel owner may attempt to scuttle and/or sink the Vessel as a result of rulings the couple's divorce proceedings. Cefalu Decl. at ¶5.

7.     Plaintiff believes there to now be conflicting information as to whether Ms. Hallett does, or does not, know the location of the Vessel. Plaintiff's counsel believes that Ms. Hallett's deposition testimony will allow it to learn whether Ms. Hallett has any current knowledge of the location of the Vessel; where it may have been stored in the past; and whether Ms. Hallett

maintains any ownership interest in the Vessel which would require her to, at the very least, be provided notice of these proceedings. Cefalu Decl. at ¶ 6. Without determining the location of the Vessel, Plaintiff cannot serve the *in rem* Defendant with process and this Court cannot exercise jurisdiction over the Vessel. As Plaintiff's attempts to locate the Vessel have failed to date, the information that Ms. Hallett may provide could be instrumental at locating the Vessel and effecting service. Cefalu Decl. at ¶ 7.

## LAW AND ARGUMENT

FRCP 26 precludes any party from seeking discovery "from any source before the parties have conferred" to discuss the nature of the case, to arrange for initial disclosures and to create a discovery plan. FRCP 26(d)(1); (f)(1). The Court, however, may allow discovery prior to the Rule 26(f) meeting for good cause. ***Good cause*** is found where the need for discovery outweighs the possible prejudice to the party from whom the discovery is sought. *Semitool, Inc., v. Tokyo Electron America, Inc.,* 208 FRD 273, 276 (ND CA 2002).

Federal Courts have found good cause to exist to allow early discovery in various types of cases. For instance, good cause was found to exist in infringement or unfair competition matters where physical evidence may otherwise be lost or destroyed. *See, e.g., Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.*, 204 FRD 675, 676 (D. CO 2002). Similarly good cause was found to exist to issue a subpoena to an Internet Service Provider in a copyright infringement action where there had been a prima facie showing of infringement, a specific and limited discovery request, there was no alternative means to obtain the information, and the adverse party had no compelling privacy interest in the information. *Rotten Records, Inc. v. C Doe,* 107 F. Supp. 3d 257, 259 (WD NY 2015).

***Good cause exists to grant Plaintiff's limited request under the present circumstances.*** Perhaps most important is the fact that there can be

COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA 94111
TEL: 415-438-4600
FAX: 415-438-4601

no Rule 26 Meeting in this case until the Defendant has been served. The discovery sought through this application would be directed to learning the location of the defendant Vessel. Plaintiff seeks only the ability to issue a single deposition subpoena to be issued to the Vessel owner's Managing Member's estranged (and/or ex) wife to learn the location or potential location of the Vessel and/or any interest she may have in the Vessel for notice purposes. Learning the location of the Vessel will allow the U.S. Marshal to effect service of the Warrant of Arrest thereby allowing this Court to take jurisdiction over the *in rem* defendant Vessel.

Plaintiff contends it has made a prima facie showing entitling it to the relief requested in its Complaint—foreclosure of a preferred ship mortgage—as evidenced by this Court's issuance of a Warrant of Arrest for the Vessel. The scope of discovery is limited to issuance of a deposition subpoena to one person to essentially learn the location of the subject Vessel and Ms. Hallett's purported interest in the Vessel for notification purposes. There is no alternative means available to Plaintiff to learn the information since the Vessel has now been removed from the location where it had been kept for many years and the Plaintiff cannot locate the Vessel owner's Managing Member. The defendant Vessel likewise has no privacy interest in keeping the location of the Vessel secret. Here, the requested discovery is necessary so that this matter may proceed to be heard on the merits.

## **CONCLUSION**

Based upon the above, Plaintiff requests that the requested relief be granted.

Dated: March 23, 2018
    COX, WOOTTON, LERNER,
    GRIFFIN & HANSEN, LLP
    Attorneys for Plaintiff
    ST LIBERTY, LLC

By: ___/S/ Marc T. Cefalu_____
    Marc T. Cefalu

COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA 94111
TEL: 415-438-4600
FAX: 415-438-4601

-5-   Case No. 8:18-cv-00096-DOC-JDEx
PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER AUTHORIZING THE ISSUANCE OF A . . .