**COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP**
Marc T. Cefalu (SBN 203324)
900 Front Street, Suite 350
San Francisco, CA 94111
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601
mcefalu@cwlfirm.com

Attorneys for Plaintiff
ST LIBERTY, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST LIBERTY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> That Certain 38' Fountain Power Boat, 2008 Express Cruiser Model, Official No. 1229074, at one time named "BRINLEY GREYSON," its Engines, Tackle, Machinery, Furniture, Apparel, Appurtenances, etc., *In Rem*, and DOES 1-10. <br><br> Defendants. | Case No.: 8:18-cv-00096-DOC-JDEx <br><br> **IN ADMIRALTY** <br><br> **PLAINTIFF ST LIBERTY, LLC'S NOTICE OF MOTION & MOTION FOR INTERLOCUTORY SALE; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Supp. F.R.C. P. E(9)(a)(i) <br> LAR E.15 (83-E.9) <br><br> Date: 9/17/18 <br> Time: 8:30 a.m. <br> Place: Courtroom 9D |

TO DEFENDANTS, CLAIMANTS TO THE VESSEL, ALL OTHER INTERESTED PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 17, 2018, at 8:30 a.m., or as soon thereafter at the Court's convenience, in Courtroom 9D, before the Honorable David O. Carter, located at the United States Courthouse, 411 West Fourth Street, Santa Ana, CA, 92701, 9th Floor, Plaintiff ST LIBERTY, LLC ("Plaintiff") will apply for an order authorizing the interlocutory sale of the *in*

COX, WOOTTON, LERNER, GRIFFIN & HANSEN LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA 94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

-1-   Case No. 8:18-cv-00096-DOC-JDEx
PLAINTIFF'S NOTICE OF MOTION & MOTION FOR INTERLOCUTORY SALE . . .

*rem* Defendant vessel, That Certain 38' Fountain Power Boat, 2008 Express Cruiser Model, Official No. 806696, at one time named "BRINLEY GREYSON" her engines, tackle, machinery, furniture, apparel, appurtenances, etc. ("Vessel").

This application is made pursuant to Rule E(9)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Local Admiralty Rule E.15 on the grounds that: (1) the Vessel's value is diminishing and will continue to diminish during the continued arrest; (2) the expense of keeping the Vessel under arrest and the care of the substitute custodian is excessive and disproportionate to its value; and (3) there has been an unreasonable delay in securing the release of the vessel.

Prior to this filing, Marc T. Cefalu, counsel for Plaintiff discussed with the pro per defendant representative, Darrell Hallett, and counsel for lien claimant Grace Park Avenue, LLC, whether the parties could reach an agreement regarding the disposition of the Vessel without the need for filing this Motion. Although counsel for Grace Park Avenue, LLC, is agreeable to this motion and the interlocutory sale of the Vessel, the Vessel's purported representative, Darrell Hallett was not. .

This Motion is based on this Notice, the supporting Memorandum of Points & Authorities, the attached declarations of Marc T. Cefalu, Alan Swimmer, and F. Lee Frain, Jr., and attached exhibits, the pleadings, records, and file hereto, and such other and further evidence as may be presented at the hearing of this matter.

Dated: August 14, 2018

COX, WOOTTON, LERNER,
GRIFFIN & HANSEN, LLP
Attorneys for Plaintiff
ST LIBERTY, LLC

By: ___/S/ Marc T. Cefalu_____
Marc T. Cefalu

COX, WOOTTON, LERNER, GRIFFIN & HANSEN LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA 94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

# MEMORANDUM OF POINTS & AUTHORITIES

Pursuant to Rule E(9)(a)(i) of the Supplemental Federal Rules of Civil Procedure for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. Rules"), Plaintiff applies to this Court for an order authorizing the interlocutory sale of the defendant Vessel, That Certain 38' Fountain Power Boat, 2008 Express Cruiser Model, Official No. 806696, at one time named "BRINLEY GREYSON", and such other further relief as set forth below.

## I. SUMMARY OF RELEVANT FACTS

### A. The Parties

Plaintiff is a lending institution organized and existing under the laws of the State of Florida, with its principal place of business in Ft. Lauderdale, Florida. *In rem* defendant Vessel, at one time known as "BRINLEY GREYSON," Official No. 1229074, Hull No. FGQ8E111H708, is a 2008 Fountain Power Boats Express Cruiser model, 38 feet in length, constructed of fiberglass, propelled gasoline power, is and was, at all times mentioned herein, a documented vessel under a Certificate of Documentation issued by the United States Coast Guard with its home port designated as Newport Beach, California (hereinafter "Vessel" of "Defendant"). The vessel's registered owner is Hallett Company LLC ("HCLLC").

### B. Plaintiff ST Liberty LLC's First Preferred Ship Mortgage

The following summary is set forth in the Plaintiff's Complaint, filed on January 18, 2018.

On or around July 25, 2016, HCLLC executed a Note, Disclosure and Security Agreement (the "Note") along with an Addendum of the Note in favor of Plaintiff to secure certain financing which was secured by the Defendant Vessel (the Note and the Addendum to Note shall collectively be referred to as the "Security Agreement"). See Declaration of Alan Swimmer ("Swimmer Dec.") at ¶ 2 and **EXHIBIT 1**.

Under the terms of the Security Agreement, Plaintiff agreed to loan HCLLC the principal amount of $78,000 (Seventy Eight Thousand Dollars and No Cents) at a fixed annual interest rate of 17.99% (the "Indebtedness") for an equity take-out loan against the Vessel in exchange for, among other things, HCLLC's agreement to make monthly payments of $1,980.26 for 60 months to Plaintiff. Swimmer Dec., ¶ 3. The Security Agreement also provided that, upon default, Plaintiff would be entitled to its reasonable attorneys' fees and costs incurred in collecting, enforcing or protecting Plaintiff's rights and remedies under the various loan agreement(s). Swimmer Dec., ¶ 4.

In order to secure payment of the Indebtedness, HCLLC executed and delivered to Plaintiff, in accordance with and pursuant to the laws of the United States, a First Preferred Ship Mortgage covering the Vessel along with a Power of Attorney (collectively the "Mortgage"). See Swimmer Decl. at ¶ 5 and **EXHIBIT 2**. Thereafter, Plaintiff caused the Mortgage to be duly recorded with the U.S. Coast Guard's National Vessel Documentation Center. Plaintiff has not waived its status as a mortgagee under the Mortgage. All other requirements of the laws of the United States relating to preferred ship mortgages were duly met or were caused to be met by Plaintiff. The Indebtedness of the Security Agreement, as secured by the Mortgage on the Vessel, is a valid preferred ship mortgage lien on the Vessel. Swimmer Dec. ¶ 6.

As set forth in the Complaint, HCLLC defaulted on its obligations to timely make the agreed periodic payments on the Indebtedness under the Security Agreement in accordance with the terms thereof. The last payment on the Indebtedness was made by HCLLC in November 2017. No further payments have been received by Plaintiff, and payments are past due from the November 2017 payment date to present. Swimmer Dec. ¶ 7. As of July 25,

COX, WOOTTON, LERNER, GRIFFIN & HANSEN LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA 94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

-4- Case No. 8:18-cv-00096-DOC-JDEx
PLAINTIFF'S NOTICE OF MOTION & MOTION FOR INTERLOCUTORY SALE . . .

2018 the amount of the Indebtedness due and owing to Plaintiff is $122,861.04, including principal and interest, together with late fees and prepayment penalty, costs and attorneys' fees. Interest continues to accrue on the unpaid principal sum at the contract penalty rate of 24.99% per annum, which rate became the effective rate upon HCLLC's default on its obligations under the Security Agreement. Swimmer Dec., ¶ 8.

### C. Procedural Status

On January 18, 2018, Plaintiff filed this lawsuit. On April 21, 2018, pursuant to a duly-issued Warrant of Arrest and as ordered by the Court, the United States Marshal ("Marshal") arrested the defendant Vessel within the District (after significant expenses associated with locating and keeping surveillance on the Vessel as it had been removed from the location required in the Mortgage). Immediately thereafter, the Marshal turned over custody of the Vessel to National Maritime Services, Inc., the duly-appointed Substitute Custodian. Since then, the Substitute Custodian has maintained the custody and safekeeping of the Vessel. The Vessel is currently located within the Court's jurisdiction at an undisclosed location[1]. Cefalu Dec., ¶ 2. However, as it sits in custody, it is exposed to the environment and therefore subject to deterioration, decay or injury. See Declaration of F. Lee Frain Jr. ("Frain Dec"), ¶¶ 4-6.

Pursuant to LAR C.3, Plaintiff caused to be published on May 2, 2018, a Notice of Arrest of Vessel in *The Los Angeles Daily Journal.* Cefalu Dec., ¶ 3. As required, a copy of the Proof of Publication was duly filed with this Court on May 7, 2018.

On May 14, 2018, Darrel Hallett on behalf of HCLLC, filed an Answer to Plaintiff's Complaint. HCLLC has not made any attempt to secure the

---

[1] The location of the Vessel is not being disclosed at this time to avoid any potential unlawful attempt to remove the Vessel from the Substitute Custodian's possession, as threatened by Hallett.

COX, WOOTTON, LERNER, GRIFFIN & HANSEN LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA 94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

-5-   Case No. 8:18-cv-00096-DOC-JDEx
PLAINTIFF'S NOTICE OF MOTION & MOTION FOR INTERLOCUTORY SALE . . .

release of the Vessel since its arrest. HCLLC has not moved to vacate the arrest, nor has it posted any bond or other security, entered into any stipulation, or otherwise attempted to secure the release of the Vessel under Supp. Rule E(5). Cefalu Dec., ¶4.

On May 22, 2018, a Notice of Lien was filed in this action by Grace Park Avenue, LLC ("Grace Park"). However, because Plaintiff's lien is a maritime lien it should be considered a prior lien with priority over Grace Park's non-maritime lien claim. The Grace Park lien can be addressed after the requested sale of the Vessel. Given that both Plaintiff and Grace Park share a common goal to have the Vessel sold immediately, in order to maximize potential sale funds, it would appear to be in the best interests of these parties for this request to be granted.

Plaintiff has already incurred at least $17,047 in custodial expenses with the Substitute Custodian. The continuing arrest and custody of the Vessel will necessarily require Plaintiff to incur further and on-going expenses for the Substitute Custodian's safekeeping of the Vessel at approximately $85.76/day. Swimmer Dec., ¶ 9. Furthermore, while the Vessel is sitting in custody it is exposed to the marine environment and subject to deterioration that requires periodic maintenance and repair services normally associated with the safekeeping of vessels similar in size and nature to this Vessel. Frain Dec., ¶ 4-6. Plaintiff is paying the Substitute Custodian directly for its fees, expenses, and charges related to the custody and care of the Vessel. Swimmer Dec., ¶10. All such amounts are reasonable and deemed to be *custodia legis* fees and expenses of the U.S. Marshal under 28 U.S.C. §1921.

The Vessel's "Fair Market Value" was recently appraised at $125,000. However, if it were to be sold at auction it would likely be sold for a lower price. Frain Dec., ¶ 3.

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA
94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

-6-   Case No. 8:18-cv-00096-DOC-JDEx
PLAINTIFF'S NOTICE OF MOTION & MOTION FOR INTERLOCUTORY SALE . . .

### D. Additional Expenses Required to Maintain the Vessel in Custody

In addition to the costs set forth above, there are further costs necessary to maintain the Vessel under arrest. Insurance adequate to respond in damages for loss or injury to the Vessel, or for damage sustained by third parties due to any acts, faults, or negligence of the Substitute Custodian, is being provided through the U.S. Marshal's standard open insurance cover. The premiums are being deducted from the funds Plaintiff as required to deposit with the U.S. Marshal as a condition for arresting the Vessel. Swimmer Dec., ¶11. The cost of such insurance is also deemed to be a *custodia legis* expense of the United States Marshal under 28 U.S.C. §1921. *See, e.g., CGI Finance, Inc. v. Take 5*, 2013 U.S. Dist. LEXIS 26141, *7 (D.Haw. 2013).

Additionally, the Substitute Custodian has full hull and machinery and protection and indemnity insurance covering the Vessel while it is under arrest and in custody. The monthly insurance premium is being paid by Plaintiff directly to the substitute custodian (Swimmer Dec., ¶12), which expense is deemed to be a *custodia legis expense* under 28 U.S.C. §1921. *See, e.g., CGI Finance, supra.*

## II. LEGAL ANALYSIS

An interlocutory sale of the Vessel is appropriate under these circumstances and as provided for in Supp. Rule E(9)(a)(i). That statute provides that arrested property may be sold and the proceeds paid into court to satisfy any judgment and to await further order of the court ***if any one*** of the following three conditions are satisfied:

(A) the Vessel is liable to deterioration, decay, or injury while under arrest;

(B) the expense of keeping the Vessel under arrest is excessive or disproportionate; or

COX, WOOTTON, LERNER, GRIFFIN & HANSEN LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA 94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

-7- Case No. 8:18-cv-00096-DOC-JDEx
PLAINTIFF'S NOTICE OF MOTION & MOTION FOR INTERLOCUTORY SALE . . .

(C) there is an unreasonable delay in securing the release of the Vessel.

*Merchants Nat'l. Bank of Mobile v. Dredge General G.I. Gillespie*, 663 F.2d 1338, 1341 (5th Cir. 1081); *AmericanWest Bank v. P/V INDIAN*, 2013 U.S. Dist. LEXIS 28607, *5 (Cal. S.D. 2013); *Silver Star Enters., Inc. v. M/V SARAMACCA*, 19 F.3d 1008, 1014 (5th Cir. 1994).

In this case, all three conditions warranting an interlocutory sale are satisfied.

### A. The Vessel Is Subject To Deterioration, Decay, And Injury

The Vessel, as it sits atop the hard, is subject to the wear and tear associated with exposure to the environment and, as a result, requires periodic maintenance and upkeep to maintain it in a seaworthy and marketable condition. Without a professional crew to constantly maintain and upkeep the Vessel, it will continue to deteriorate, which will further diminish its value and accelerate its depreciation. Frain Dec., ¶ 4-6.

### B. The Custodial Costs Are Disproportionate And Excessive

Plaintiff has already incurred at least $17,047 in *custodia legis* expenses charged by the Substitute Custodian for the safekeeping of the Vessel following its arrest in April, 2018. The Vessel is currently incurring further *per diem* custodial charges of at least $85.76, or more than approximately $2,572.80 per month/$31,000 annually. These *custodia legis* expenses create a lien on the Vessel with higher priority than Plaintiff's mortgage. 46 U.S.C. § 31326; *J. P. Provos Maritime, S. A. v. M/V Agni*, 1999 U.S. Dist. LEXIS 12012, *5 (E.D. La. 1999). Therefore, they will be disbursed first from any sale proceeds and will thereby decrease the amount from which Plaintiff may ultimately recover on its security interest in the Vessel.

Given the Vessel's fair market value at $125,000.00, the *custodia legis* expenses have already amounted to at least 13% of the Vessel's value. These

COX, WOOTTON, LERNER, GRIFFIN & HANSEN LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA 94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

-8-  Case No. 8:18-cv-00096-DOC-JDEx
PLAINTIFF'S NOTICE OF MOTION & MOTION FOR INTERLOCUTORY SALE . . .

expenses continue to mount at a rate approximating ***over two percent of the Vessel's value per month***. Furthermore, even if the vessel were sold for its fair market value of $125,000.00 Plaintiff would still likely suffer a deficiency. Under the existing scenario, Plaintiff respectfully submits that these expenses are excessive and disproportionate.

### C. There Has Been An Unreasonable Delay In Releasing The Vessel

The Defendant has not taken any steps to secure the release of the Vessel since it was arrested April 21, 2018. This delay of more than three months (presumably four months by the time this motion is heard) is unreasonable and should entitle Plaintiff to an interlocutory sale. *AmericaWest Bank*, *supra*, 2013 U.S. Dist. LEXIS 28607 at *9 – 10 (delay of over four months unreasonable); *Vineyard Bank v. M/Y ELIZABETH I*, 2009 U.S. Dist. LEXIS 23844, *6 (S.D. Cal. 2009) (same); *Bank of Rio Vista*, *supra*, 2004 U.S. Dist. LEXIS at *5 (same, and *citing United States v. F/V Fortune*, 1987 A.M.C. 2351 (D. Ak.1987), *Ferrous Financial Services Co. v. O/S Arctic Producer*, 567 F. Supp. 400 (W.D. Wash 1983)).

An appropriate and timely order from this Court granting an interlocutory sale as soon as is reasonable is necessary to forestall the Vessel's continued depreciation and increasing expenses as it sits under arrest. The longer it remains under arrest, the longer it will continue to drain, not only Plaintiff's resources, but the amount from which Plaintiff might ultimately recover on its claims after an interlocutory sale. Furthermore, the longer the Vessel remains in custody, the greater the potential that Plaintiff's priority security interests will be prejudiced by a higher priority lien, or fire, or other damage to the Vessel.

Therefore, Plaintiff respectfully submits that the requirements of Supp. Rule E(9)(a)(i) have been met and an interlocutory sale is warranted.

**D. Request For Further Relief**

If the Court grants the instant motion, Plaintiff requests the following further relief:

1. that, pursuant to LAR E.15 (b), and subject to its requirements, at the interlocutory sale of the Vessel, Plaintiff shall be entitled to credit bid up to the full amount of its security interest in the Vessel;
2. that the Marshal be authorized and ordered to conduct an interlocutory admiralty sale of the defendant Vessel at the earliest date available to the Marshal after consulting with the Plaintiff to ensure that the parties have a sufficient opportunity to market the Vessel appropriately before the sale in order to ensure that it will attract a reasonable number of potential buyers.

### III. CONCLUSION

As set forth more fully above, the Vessel is currently under arrest within the District and in the custody of the duly-appointed Substitute Custodian. The Vessel continues to be exposed to on-going deterioration from the marine environment. The Vessel has already incurred over $17,047 in *custodia legis* expenses and those expenses continue to mount at over $2,572.80 per month/$31,000 annually. These out-of-pocket expenses will be reimbursed first from any sale proceeds and therefore continue to diminish the amount Plaintiff may ultimately recover on its security interest in the Vessel as the result of an interlocutory sale. Furthermore, the owner has not made any efforts to release the Vessel since its arrest over three months ago.

///
///
///
///
///

COX, WOOTTON, LERNER, GRIFFIN & HANSEN LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA 94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

-10- Case No. 8:18-cv-00096-DOC-JDEx
PLAINTIFF'S NOTICE OF MOTION & MOTION FOR INTERLOCUTORY SALE . . .

1     For these reasons, Plaintiff respectfully requests that the Court grant its motion for an interlocutory sale of the Vessel under Supplemental Rule E (9)(a)(i) and such other further relief as requested above.

Dated: August 14, 2018           COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP
Attorneys for Plaintiff
ST LIBERTY, LLC

                                  By: ___/S/ Marc T. Cefalu_____
                                               Marc T. Cefalu

COX, WOOTTON, LERNER, GRIFFIN & HANSEN LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA 94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

-11-    Case No. 8:18-cv-00096-DOC-JDEx
PLAINTIFF'S NOTICE OF MOTION & MOTION FOR INTERLOCUTORY SALE . . .