1  **COX, WOOTTON, LERNER,**
   **GRIFFIN & HANSEN, LLP**
2  Marc T. Cefalu (SBN 203324)
   900 Front Street, Suite 350
3  San Francisco, CA  94111
   Telephone No.: 415-438-4600
4  Facsimile No.: 415-438-4601
   mcefalu@cwlfirm.com
5
   Attorneys for Plaintiff
6  ST LIBERTY, LLC

7              **UNITED STATES DISTRICT COURT**
8              **CENTRAL DISTRICT OF CALIFORNIA**
9

10  ST LIBERTY, LLC,                         ) Case No.: 8:18-cv-00096-DOC-
                                             ) JDEx
11                                           )
                     Plaintiff,              ) **IN ADMIRALTY**
12                                           )
13         v.                                ) **DECLARATION OF ALAN**
                                             ) **SWIMMER IN SUPPORT OF**
14                                           ) **PLAINTIFF'S MOTION FOR**
   That Certain 38' Fountain Power Boat,     ) **INTERLOCUTORY SALE**
15  2008 Express Cruiser Model, Official     )
   No. 1229074, at one time named           ) **Supp. F.R.C. P. Supp. Rule**
16  "BRINLEY GREYSON," its Engines,          ) **E(9)(a)(i)**
   Tackle, Machinery, Furniture, Apparel,   ) **LAR E.15 (83-E.9)**
17  Appurtenances, etc., *In Rem*, and DOES  )
   1-10.                                     ) **Date:  9/17/18**
18                                           ) **Time:  8:30 a.m.**
                     Defendants.             ) **Place:  Courtroom 9D**
19                                           )
20  ─────────────────────────────────       )

21  I, Alan Swimmer, declare:

22      1.     I am a member of Plaintiff ST LIBERTY, LLC, ("Plaintiff" or

23  "ST LIBERTY") in this action.  I have personal knowledge of the facts stated

24  herein based upon my role as ST LIBERTY's member, and as one of its

25  custodian of records.  If called as a witness I could and would testify

26  competently to the matters stated herein based upon my review of the

27  documents maintained in the ordinary course of ST LIBERTY's business and

28  can also attest that the documents submitted are true and correct copies of

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA
94111
TEL: 415-438-4600
FAX 415-438-4601

STL.Hallett / 4641

1  documents maintained in the ordinary course of ST LIBERTY, LLC's

2  business.

3      2.      On or around July 25, 2016, HCLLC executed a Note, Disclosure

4  and Security Agreement (the "Note") along with an Addendum of the Note in

5  favor of Plaintiff to secure certain financing which was secured by the

6  Defendant Vessel (the Note and the Addendum to Note shall collectively be

7  referred to as the "Security Agreement").  A true and correct copy of the Note,

8  Disclosure, and Security Agreement executed by Hallett Company LLC

9  ("HCLLC") in favor of ST LIBERTY, is attached as **EXHIBIT 1.**

10      3.      Under the terms of the Security Agreement, Plaintiff agreed to

11  loan HCLLC the principal amount of $78,000 (Seventy Eight Thousand

12  Dollars and No Cents) at a fixed annual interest rate of 17.99% (the

13  "Indebtedness") for the refinancing of the Vessel in exchange for, among

14  other things, HCLLC's agreement to make monthly payments of $1,980.26 for

15  60 months to Plaintiff.

16      4.      The Security Agreement also provided that, upon default,

17  Plaintiff would be entitled to a higher default rate of interest, its reasonable

18  attorneys' fees and costs incurred in collecting, enforcing or protecting

19  Plaintiff's rights and remedies under the various loan agreement(s).

20      5.      In order to secure payment of the Indebtedness, HCLLC executed

21  and delivered to Plaintiff, in accordance with and pursuant to the laws of the

22  United States, a First Preferred Ship Mortgage covering the Vessel along with

23  a Power of Attorney (collectively the "Mortgage").  A true and correct copy of

24  the Mortgage is attached as **EXHIBIT 2.**

25      6.      Plaintiff has not waived its status as a mortgagee under the

26  Mortgage.  All other requirements of the laws of the United States relating to

27  preferred ship mortgages were duly met or were caused to be met by Plaintiff.

28  The Indebtedness of the Security Agreement, as secured by the Mortgage on

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA
94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

DECLARATION OF ALAN SWIMMER IN SUPPORT OF PLAINTIFF'S MOTION FOR INTERLOCUTORY
SALE

1 | the Vessel, is a valid preferred ship mortgage lien on the Vessel.

2 |     7.    The last payment on the Indebtedness was made by HCLLC in

3 | November 2017.  No further payments have been received by Plaintiff, and

4 | payments are past due from the November 2017 payment date to present.

5 |     8.    As of July 25, 2018 the amount of the Indebtedness due and

6 | owing to Plaintiff is $122,861.04, including principal and interest, together

7 | with late fees and prepayment penalty, costs and attorneys' fees.  Interest

8 | continues to accrue on the unpaid principal sum at the default rate of 24.99%

9 | per annum, which became the effective rate upon HCLLC's default on its

10 | obligations under the Security Agreement.  The "breakdown" of Plaintiff's

11 | damages, secured by the Vessel pursuant to the Mortgage as of July 25, 2018,

12 | are as follows:

| Principal balance | 67,928.59 | As of date last paid (11/17/17) |
|---|---|---|
| **RECURRING CHARGES** | | |
| Accrued interest | 11,264.14 | $46.51 daily |
| Late fees | 80.00 | $10 monthly |
| Storage | 1,600.00 | $400 monthly |
| Hull insurance | 392.00 | $98 monthly |
| Custodian fees | 4,750.00 | $50 daily |
| Custodian liability insurance | 2,360.00 | $590 monthly |
| **NON RECURRING CHARGES** | | |
| Legal fees | 11,697.86 | |
| USMS deposit | 5,000.00 | |
| Pre-arrest investigation/security | 14,843.45 | |
| Custodian mobilization | 1,295.00 | |
| Vessel relocation | 1,650.00 | |
| **TOTAL DUE as of 7/25/18** | **122,861.04** | |

24 |     9.    Plaintiff has already incurred at least $17,047 in custodial

25 | expenses with the Substitute Custodian.  The continuing arrest and custody of

26 | the Vessel will necessarily require Plaintiff to incur further and on-going

27 | expenses for the Substitute Custodian's safekeeping of the Vessel at

28 | approximately $85.76/day.  A true and correct copy of the Substitute

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA
94111
TEL: 415-438-4600
FAX: 415-438-4601

STL/Hallett / 4641

-3-    Case No. 8:18-cv-00096-DOC-JDEx
DECLARATION OF ALAN SWIMMER IN SUPPORT OF PLAINTIFF'S MOTION FOR INTERLOCUTORY SALE

1   Custodian's most recent accounting of its costs for the safekeeping of the

2   Vessel is attached as **EXHIBIT 3** to this declaration.

3        10.    Plaintiff is paying the Substitute Custodian directly for its fees,

4   expenses, and charges related to the custody and care of the Vessel.

5        11. Additional insurance, required by the U.S. Marshal, adequate to

6   respond in damages for loss or injury to the Vessel, or for damage sustained

7   by third parties due to any acts, faults, or negligence by said Substitute

8   Custodian, is being provided through the U.S. Marshal's standard open

9   insurance cover.  The premiums are being deducted from the funds Plaintiff

10  was required to deposit with the U.S. Marshal as a condition for arresting the

11  Vessel.

12       12.    The Substitute Custodian has full hull and machinery and

13  protection and indemnity insurance covering the Vessel while it is under arrest

14  and in its custody, subject to customary deductibles.  That monthly premium is

15  being paid by Plaintiff directly to the Substitute Custodian.

16

17       I declare under penalty of perjury pursuant to the laws of the United

18  States that the foregoing is true and correct.  Executed this 8TH day of

    August 2018 at ___PARKLAND___ , Florida.

19

20

21       By: _____

22                      Alan Swimmer

23

24

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN LLP

900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA
94111
TEL: 415-438-4600
FAX: 415-438-4601

STL Hallett / 4641

25

26

27

28

# EXHIBIT 1

## *Note, Disclosure and Security Agreement*

| Lender | Borrower | |
|---|---|---|
| ST Liberty, LLC<br>1915 SW 21ⁿ Avenue<br>Ft. Lauderdale, FL 33312 | **HALLETT COMPANY LLC**<br>DARRELL HALLETT- MANAGER/SOLE MEMBER<br>**DARRELL M. HALLETT-CO SIGNER**<br>**1024 BAYSIDE DRIVE # 114**<br>**NEWPORT BEACH, CA. 92660** | Loan Date    **JULY 25, 2016**<br>Maturity Date   **JULY 25, 2021**<br>Loan Amount   **$ 75,000.00** |

### Truth-in-Lending Disclosures

| **Annual Percentage Rate**<br>The cost of my credit as a yearly rate. | **Finance Charge**<br>The Dollar amount the credit will cost me. | **Amount Financed**<br>The amount of credit provided to me or on my behalf. | **Total of Payments**<br>The amount I will have paid when I have made all scheduled payments. |
|---|---|---|---|
| **19.84 %** | **$ 43,815.60** | **$ 75,000.00** | **$ 118,815.60** |

**My Payment Schedule Will Be:**                                                    "e" means an estimate.

| Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 60 | $ 1,980.26 | Monthly Beginning **AUGUST 25, 2016** |
| | $ | |
| | $ | |
| | $ | |

**Demand.** This note does not have a demand feature.

**Prepayment.** If I pay off this note early, I X may ☐ will not have to pay a minimum interest charge.
If I pay off this note early, I will not be entitled to a refund of part of the additional finance charge.
**Late Charge.** If a payment is late (more than 10 days after due) I will be charged 5% of the amount of any payment which is late by 10 days or more. This charge will not exceed $10.00.

**Security.** I am giving a security interest in: **38' 2008 FOUNTAIN POWERBOAT HULL ID# FGQ8E111H708**
☐ The goods or property being purchased.
☐ (brief description of other property): _____

**Filing Fees. $** _____

**Non-filing Insurance. $** _____

☐ **Required Deposit.** The annual percentage rate does not take into account my required deposit.

**Assumption.** Someone buying the property securing this obligation cannot assume the remainder of the obligation on the original terms.

**Contract Documents.** I can see my contract documents for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

✓ Initials _____
✓ Initials _____

## Promissory Note

**Promise to Pay.** For value received, I promise to pay to you, or your order, at any address designated by you, the principal sum of $ 78,000.00, plus interest from JULY 25, 2016 at the rate of 17.99% per year until JULY 25, 2021. Interest accrues on an actual 365 day basis. I agree to pay late charges in accordance with the provisions shown in the Truth-in-Lending Disclosures. The purpose of this loan is ☐ purchase money ☐ refinance X equity take-out.

**Payment.** I will pay this note as follows: This note has 80 payments. The first payment will be in the amount of $ 1,980.26 and will be due AUGUST 25, 2016. A payment of $ 1,980.26 will be due on the 25TH day of each month thereafter. The final payment of the entire unpaid balance of principal and interest will be due on JULY 25, 2021.

**Post-Maturity Interest.** Interest will accrue after maturity on the unpaid balance of this note on the same basis as interest accrues before maturity, unless a specific post-maturity interest rate is agreed to in the next sentence. Interest will accrue at the rate of 24.99% per year on the balance of this note not paid at maturity, including maturity by acceleration.

**Additional Finance Charge.** I also agree to pay a nonrefundable fee of $ 3,000.00, and it will be ☐ paid in cash X withheld from the proceeds. (If this fee is withheld from the proceeds, the amount is included in the principal sum.)

**Returned Payment Fee.** I agree to pay a service charge of $20.00 for each payment (check or automatic payment) returned unpaid.

**Other Terms.** DEFAULT RATE OF INTEREST. INTEREST WILL ACCRUE AT THE RATE OF 24.99% PER YEAR ON THE UNPAID BALANCE OF THIS NOTE IN THE EVENT OF AN OCCURRENCE OF DEFAULT OF THIS NOTE AND/OR RELATED DOCUMENTS. THE ADDENDUM(S) TO THIS NOTE SHALL ALSO APPLY. X THERE IS A PREPAYMENT PENALTY.

## Itemization of Amount Financed

| | |
|---|---|
| HALLETT COMPANY LLC | $ 74,005.00 |
| ST LIBERTY LLC | $ 3,000.00 |
| LISA TROCCOLI YACHT DOC. | $ 995.00 |
| (less) Prepaid Finance Charge(s) | $ 3,000.00 |
| | |
| **Amount Financed** | $ 75,000.00 |

Initials
Initials

## Security Agreement

**Security.** To secure the obligations of this Loan Agreement, I give You a security interest in the Property described below:   **38' 2008 FOUNTAIN POWERBOATS INC. HULL ID# FGQ8E111H708. USCG OFFICIAL NUMBER 1229074. FEDERALLY DOCUMENTED AS "BRINLEY GREYSON".**

The Property will also serve as collateral for all present and future debts.

## Additional Terms of the Promissory Note

**Definitions.** As used in this Loan Agreement ⊠ indicates terms that apply to this Loan Agreement. *Loan Agreement* refers to this Note, Disclosure and Security Agreement, and any addendums, extensions, renewals, modifications, and substitutions of this Loan Agreement, *Loan* refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction, such as applications, security agreements, disclosures, or notes, and this Loan Agreement. *Security Agreement* refers to the security agreement contained within this Loan Agreement. *Secured Debts* refers to all sums advanced to you under the terms of the Loan Agreement, and all present and future debts (if the All Debts subsection of the Security Agreement has been checked.) The pronouns, *I, me* and *my* refer to each Borrower signing this Loan Agreement, individually and together with their heirs, successors and assigns, and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this Loan Agreement. *You* and *your* refer to the Lender and its successors and assigns.

**Payments.** Unless otherwise provided in the Other Terms section, each payment I make on this Loan Agreement will be applied first to any charges I owe other than principal and interest, then to interest that is due, and finally to principal that is due. No late charge will be assessed on any payment when the only delinquency is due to late fees assessed on earlier payments and the payment is otherwise a full payment. The actual amount of my final payment will depend on my payment record.

**Interest.** Interest will accrue on the unpaid principal balance until paid in full. For interest calculation, the accrual method will determine the number of days in a year. The interest rate and other charges on this Loan Agreement will never exceed the highest rate or charge allowed by law for this loan. If the amount collected is found to exceed the highest rate or charge allowed, you will refund an amount necessary to comply with the law.

**Post-Maturity Interest.** Interest will accrue on the principal balance remaining unpaid after final maturity at the rate specified in this Loan Agreement. For purposes of this section, final maturity occurs on any of the following dates.

- On the date of the last scheduled payment of principal.
- On the date you accelerate the due date of this Loan Agreement (demand immediate payment.)

**Prepayment.** I may prepay this Loan Agreement in whole or in part at any time. Any partial prepayment will not excuse any later scheduled payments until I pay in full.

**Warranties and Representations.** I have the power and authority to enter into this Loan Agreement. The execution and delivery of this Loan Agreement will not violate any agreement governing me or my property, or to which I am a party.

Page 3 of 8

Initials

Initials

I own all of the Property, unless otherwise agreed and disclosed to you in writing.  Your claim to the Property is ahead of the claims of any other creditor, except as disclosed in writing to you prior to any advance of the Secured Debts.  The Property has not been and will not be used for any purpose that would violate any laws or subject the Property to Forfeiture or seizure.

**Default.**  I will be in default if any of the following occur.

- I fail to make a payment when due.
- I fail to perform any condition or keep any promise of this or any agreement I have made with you.

**Remedies.**  After I default, and after you give any legally required notice and opportunity to cure the default, you may at your option do any one or more of the following.

- Make all or any part of the amount owing by the terms of this Loan Agreement due.
- Use any and all remedies you have under state or federal law, or in any instrument securing this Loan Agreement.
- Make a claim for any and all insurance benefits or refunds that may be available on my default.
- Set off any amount due and payable under the terms of this Loan Agreement against my right to receive money from you, unless prohibited by law.
- Make amounts advanced on my behalf due and add those amounts to the balance owing under the terms of this Loan Agreement.
- Require me to gather the Property and make it available to you in a reasonable fashion (unless prohibited by law); keep or dispose of the Property as provided by law; apply the proceeds to your expenses of collection and enforcement and then to the Secured Debts; and, unless prohibited by law, and following any required notice of deficiency, hold me liable for any deficiency if what you receive from the sale does not satisfy the Secured Debts.

By choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy.  By electing not to use any remedy you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

**Waivers.**  To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate, and notice of dishonor.  You may renew or extend payments on this Loan Agreement, regardless of the number of such renewals or extensions.  You may release any Borrower, endorser, guarantor, surety, accommodation maker, or any other cosigner.  You may release, substitute, or impair any Property securing this Loan Agreement.

**Collection Expenses and Attorneys' Fees.**  On or after Default, to the extent permitted by law, I agree to pay the fee of a non-salaried attorney in an amount not to exceed 15% of any judgment entered as the result of a lawsuit you commence to collect, enforce, or protect your rights and remedies under this Loan Agreement.  Any fees will be secured by the Property I have granted you, if any.  To the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees you incur to collect this debt as awarded by any court exercising jurisdiction under the Bankruptcy Code.

Initials

Initials

**General Provisions.** This Loan Agreement is governed by the laws of Connecticut, The United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located. If two or more Borrowers sign this Loan Agreement, we are liable to repay jointly and severally. This Loan Agreement is the complete and final expression of our agreement. No modification of this Loan Agreement is effective unless made in writing and signed by me and you. The duties and benefits of this Loan Agreement will bind and benefit the successors and assigns of me and you. If any provision of this Loan Agreement is unenforceable, then the unenforceable provision will be severed and the remaining provisions will be enforceable.

Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to my last known address or by email. Notice to one party will be deemed to be notice to all parties. Where a notice is required by applicable law, I agree that 10 days prior written notice will be reasonable notice to me under the Uniform Commercial Code or other applicable state law.

I will provide you any financial statement or information you request. All financial statements and information I give you will be correct and complete. My name and address are my exact legal name and my principal residence. I will provide you with at least 30 days notice prior to changing my name or principal residence.

I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property.

## Additional Terms of the Security Agreement

**Generally.** *Property* means any collateral described in this Loan Agreement in which I have an interest, now or in the future, wherever the Property is or will be located, and all proceeds and products from the Property. Property includes all parts, accessories, repairs, replacements, improvements, and accessions to the Property; any original evidence of title or ownership; and all obligations that support the payment or performance of the Property.

If the All Debts subsection is checked, the Property also secures all present and future debts, even if this Loan Agreement is not referenced in the debt instrument, the future debts are also secured by other collateral, or if the future debt is unrelated to or of a different type than this debt. Nothing in the Loan Agreement is a commitment to make future loans or advances. This Loan Agreement will not secure any debt for which you fail to give any required notice of the right of rescission (i.e., right to cancel,) or any debt for which is non-possessory, non-purchase money security interest is created in *household goods* in connection with a *consumer loan*, as those terms are defined by federal law governing unfair and deception credit practices.

**Purchase Money Security Interest.** If this is a purchase money loan (the loan proceeds are used to purchase the collateral), I authorize you, at your option, to disburse the loan proceeds directly to the seller of the Property. The portion of the Property purchased with the loan proceeds will remain subject to your purchase money security interest until the Secured Debts are paid in full. Payments on any non-purchase money loan also secured by this Security Agreement will not be applied to the purchase money loan. Payments on the purchase money loan will be applied first to the non-purchase money portion of the

Page 5 of 8

Initials
Initials

loan, if any, and then to the purchase money portion in the order in which the purchase money Property was acquired.  If the purchase money Property was acquired at the same time, then payments will be applied in the order you select.  No security interest will be terminated by application of this formula.

**Waivers.**  I waive all claims for loss or damage caused by your acts or omissions where you acted reasonably and in good faith.  I waive all rights I have now or in the future to a homestead or personal property exemption in the Property.

**Assumptions.**  Someone buying the Property cannot assume the obligation.  You may declare the entire balance of the Loan Agreement to be immediately due and payable upon the creation of, or contract for the creation of, a transfer or sale of the Property.

**Perfection of Security Interest.**  I authorize you to file a financing statement covering the Property.  I agree to comply with, facilitate, and otherwise assist you in connection with perfecting your security interest under the Uniform Commercial Code.

**Duties Toward Property.**  I will protect the Property and your interest against any competing claim.  I will keep the Property in my possession at the following address:

**HARBOR MARINA. 3335 WEST COAST HWY. NEWPORT BEACH, CA. 92660**

I will keep the Property in good repair and use it only for personal, family, or household purposes.  I will immediately inform you of any loss or damage to the Property.  You have the right of reasonable access to inspect the Property.

I will keep books, records, and accounts about the Property and my assets in general, to which I will allow you reasonable access.  I will pay all taxes and assessments levied or assessed against me or the Property. I will not sell, lease, license, or otherwise transfer or encumber the Property without your prior written consent.  You do not authorize any sale or other disposition of the Property.  Any sale or disposition you do not authorize will violate your rights.

If I pledge the Property to you (deliver the Property into your, or your designated third party's possession or control) I will, upon receipt, deliver any proceeds and products of the Property to you.  I will provide you with any notices, documents, financial statements, reports, and other information relating to the Property I receive as the owner of the Property.

**Insurance.**  I agree to keep the Property insured against the risks reasonably associated with the Property until the Property is released from this Security Agreement.  I may provide the required insurance through an existing policy of insurance that I own or control, or thorough a policy that I buy.  I have free choice in the selection of an insurance company, subject to applicable law.  I will maintain this insurance in the amounts you require and have the insurance company name you as loss payee on any insurance policy.  I will give you and the insurance company immediate notice of any loss.  You may apply the insurance proceeds toward what is owed on the Secured Debts.  If the insurance proceeds do not cover the amounts I owe you.  I will pay the difference.  You may require additional security as a condition of permitting any insurance proceeds to be used to repair or replace the Property.  If you acquire the Property in damaged condition, my rights to any insurance policies and proceeds will pass to you to the extent of the Secured Debts.  I will immediately notify you of cancellation or termination of insurance.

Page 6 of 8

✓ Initials
✓ Initials

I am required to maintain insurance on the Property to protect your interest. If I fail to maintain the required insurance, or fail to provide you with evidence of insurance, I understand and agree to the following.

- You may (but are not required to) place insurance on the Property to protect your interest, which will not cover my equity in the Property.
- The insurance you provide may be written by a company other than one I would choose and may be written at a higher rate than I could obtain if I purchased the insurance.
- I will pay for the costs of any Property insurance you provide.

**Authority to Perform.** I authorize you to do anything you deem reasonably necessary to protect the Property and your security interest in the Property. If I fail to perform any of my duties under this Loan Agreement, you are authorized, after providing me with any required notice and opportunity to perform, to perform the duties or cause them to be performed and add the costs of performance o the Secured Debts. These authorizations include, but are not limited to, permission to pay for the repair, maintenance, and preservation of the Property and taking any action to obtain or preserve the benefits and rights of the Property. Your authority to perform for me will not create an obligation to perform and your failure to perform will not preclude you from exercising any other rights under the law or this Security Agreement. If you come into actual or constructive possession of the Property, you will preserve and protect the Property to the extent required by law. Your duty of care with respect to the Property will be satisfied if you exercise reasonable care in the safekeeping of the Property or in the selection of a third party in possession of the Property.

Initials
Initials

## NOTICE TO COSIGNER

You (the cosigner) are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You also may have to pay late fees or collection costs, which increase this amount.

The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit record.

## Signatures

By signing under seal, I agree to the terms contained in this Loan Agreement. I also acknowledge receipt of a copy of this Loan Agreement on today's date.

**Cosigners.** See Notice to Cosigner above before signing.

X _____

DARRELL HALLETT – MANAGER/SOLE MEMBER OF HALLETT COMPANY INC

X _____

DARRELL M. HALLETT – CO SIGNER

X _____

## ADDENDUM TO NOTE

**LOAN AMOUNT:**   $ 78,000.00

**NOTE DATE:**   JULY 25, 2016

**BORROWERS:**   HALLETT COMPANY LLC
                 DARRELL HALLETT –MANAGER/SOLE MEMBER
                 DARRELL M. HALLETT – CO SIGNER
                 1024 BAYSIDE DRIVE. #114
                 NEWPORT BEACH, CA. 92660

**LENDER:**   ST LIBERTY, LLC
              1915 SW 21ST AVENUE.
              FT. LAUDERDALE, FL. 33312

Additional note terms are as follows:

**PLACE OF PAYMENT** – Unless otherwise instructed in writing, I shall deliver all payments due under the note to:

> ST. LIBERTY, LLC
> C/O  TD BANK, N.A.
> COMMERCIAL LOAN DEPARTMENT
> 178 MAIN STREET
> NEW BRITAIN, CT.  06050-0174

**PREPAYMENT PENALTY** – During the first two years of the loan term, I shall pay a prepayment penalty equal to **3% payable on total or partial prepayments,**

**PREPAYMENT** – If I make a prepayment of principal of not less than $10,000.00, I may instruct lender in writing, to adjust the remaining required minimum monthly payment amount by amortizing the principal balance (after credit is given for the prepayment, net of the prepayment penalty) over the remaining term of the loan.  Lender shall comply with our instruction to adjust the remaining required minimum monthly payment amount, unless they provide us with written notice, indicating that they are not complying with our instructions because I am in default of one or more of the provisions of the note terms.  Lender's notice shall include the details of the event(s) of default.  If I cure the default(s) at any time, lender shall adjust the remaining required minimum monthly payment amount.

Any adjustments to the remaining required minimum monthly payment amount will not affect the date that the scheduled balloon payment (if any) is due.

**DEFAULT RATE OF INTEREST** – In the event of a default in any of the terms of the NOTE, ADDENDUM TO NOTE or the related US Coast Guard Mortgage, interest shall accrue at a rate of twenty-four percent point ninety nine percent (24.99%) on the then outstanding balance, even after repossession or judgment, until such time that the default is cured or the amounts owing under the NOTE are paid in full.  I waive any requirements of notice of this default rate of interest becoming effective.

**ADDITIONAL TERMS OF DEFAULT** – In addition to the TERMS OF DEFAULT indicated on the NOTE and the related US Coast Guard Mortgage, I will be in default if any one or more of the following occurs:  (a) I die; or (b) a bankruptcy petition is filed by or against me; or (c) a lien, other than the First Preferred Ship Mortgage granted to Lender, is placed against the collateral; or (d) the collateral lessens in value or becomes valueless other than through normal depreciation; or (e) the collateral is lost, stolen, destroyed, seized, impounded, condemned, chartered, or becomes uninsurable for use; or (f) the collateral is operated by an individual that is not a citizen of the United States; or (h) I permit myself or anyone else to live aboard the vessel, as a permanent residence; or (i) the collateral is docked, berthed, or moored, whether temporary or permanently, outside of the continental United States without lender's written permission.

**SIGNATURES** – I agree to the terms set out on this ADDENDUM TO NOTE and have received a copy of this document.

Signed _____   JULY 25, 2016
        DARRELL HALLETT – MANAGER / SOLE MEMBER
        HALLETT COMPANY LLC

Witness _____
        Print name here – Terry Maxwell

Signed _____   JULY 25, 2016
        DARRELL M. HALLETT – CO SIGNER

Witness _____
        Print name here – Terry Maxwell

# EXHIBIT 2

**FIRST PREFERRED SHIP MORTGAGE**

This is a Preferred Ship Mortgage ("the mortgage") dated JULY 25, 2016 being created under federal law on the vessel BRINLEY GREYSON, hull id: FGQ8E111H708 Coast Guard official number: no. 1229074.  The amount of the mortgage is $ 78,000.00, (the "amount financed"), plus accrued interest and performance of mortgage covenants. The maturity date of the mortgage is JULY 25, 2021, the date of the last scheduled payment.

1. PARTIES AND DEFINITIONS

MORTGAGOR:     HALLETT COMPANY LLC –100% (A CA. LLC – SOLE OWNER)
                1024 BAYSIDE DRIVE # 114. NEWPORT BEACH, CA. 92660

being the sole owner(s) of the vessel, and residing or having a place of business at:

MORTGAGEE: ST LIBERTY LLC –100%
address:     1915 SW 21ST AVENUE. FT. LAUDERDALE, FL. 33312

The words you and your mean all (individuals, partners, trustees or corporations) who sign this Mortgage as Mortgagor and their heirs, executors, administrators and assigns. The words we, us and ours mean the Mortgagee and anyone who has Mortgagee's rights under this Mortgage.

2. OBLIGATION SECURED: This mortgage secures your obligation (the "Debt") now due or which may become due in the future to us under this Mortgage and under the provisions of a Fixed Rate Promissory Note and Security Agreement, ("the "Note"), dated JULY 25, 2016.  The provisions of the Note are incorporated herein by this reference as though set forth in full. If there is any inconsistency between the Note and this Mortgage, this Mortgage shall control.

3. DESCRIPTION OF VESSEL: To secure the Debt, you mortgage to us the whole of the Vessel named and described herein.
   NAME: BRINLEY GREYSON     HAILINGPORT: NEWPORT BEACH, CA.
   USCG OFFICIAL NUMBER: 1229074     HULL ID: FGQ8E111H708
   MANUFACTURER: FOUNTAIN POWERBOATS   MODEL: EXPRESS CRUISER   YEAR: 2008   LOA: 38'
   ENGINE MFG: MERCRUISER HORSE POWER:  425   SERIAL NUMBERS: NOT SIGHTED     XX Gas Diesel
   STATE OF PRINCIPAL USE:  CA.
   LOCATION (SUMMER):  HARBOR MARINA. 3335 WEST COAST HWY. NEWPORT BEACH, CA. 92660
               (WINTER) :  HARBOR MARINA. 3335 WEST COAST HWY. NEWPORT BEACH, CA. 92660

together with all masts, towers, boiler, cables, engines, machinery, bowsprits, sails, rigging, auxiliary boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, radar and other electronic or other equipment and supplies, and all fishing and other appurtenances and accessories, now used in or on the Vessel or which may be substituted in or added to the Vessel in the future, whether or not removed from the Vessel; and all freights, subfreights and charter hire. The word "Vessel" as used in this Mortgage includes all of the above items as well as the hull, to the extent that they may be mortgaged under Chapter 313, Title 46, U.S. Code.

4. PROMISE TO PAY: You will pay and perform the debt.

5. JOINT MORTGAGORS: If more than one of you signs this Mortgage as Mortgagor, each of you is responsible for paying the full amount due under this Mortgage, unless specifically stated otherwise below. We do not have to notify one Mortgagor that another has defaulted under this Mortgage. We may give one Mortgagor extensions to pay or change or release his responsibility without releasing any other Mortgagor.

6. CITIZENSHIP: You are and shall continue to be a citizen of the United States until this Mortgage is paid in full.

(Preferred Ship Mortgage, page 1 of 3)

**7. FEDERAL DOCUMENTATION AND RIGHT TO OWN AND OPERATE:** You are, and shall continue to be entitled to own and operate this Vessel under her United States Coast Guard Certificate of Documentation in accordance with the endorsements thereon. You will continue to keep the Vessel's Certificate of Documentation in full force and effect.

**8. GOOD STANDING OF CORPORATE MORTGAGOR:** If this Mortgage is given by a corporation, the corporation is properly incorporated and exists in good standing under the laws of the state of its incorporation.

**9. TITLE WARRANTY:** You warrant title to the Vessel. This means that you are responsible for any expenses or losses to us, if anyone else successfully claims an interest in the Vessel or any part of it.

**10. RISK OF LOSS:** Damage, destruction or other loss of the Vessel does not release you from this Debt. You must notify Mortgagee if the Vessel is damaged, destroyed or disappears.

**11. INSURANCE AND NOTICE OF LOSS:** Until the Debt secured by this Mortgage is fully paid, you will insure the Vessel at all times for its full insurance value against fire, theft, collision, damage caused by water conditions, and such other hazards as we may reasonably require. The insurance company must be reasonably acceptable to us. Such insurance must protect us (up to the amount you owe under this Mortgage) as well as you. You will keep the insurance renewed and in full force, and will provide us wit proof of payment as we require. You will authorize the insurance company to pay any loss to us, and to name us as additional loss payee in the policy. If at any time before this Mortgage is paid in full such insurance lapses or is canceled, we may buy replacement insurance and the amount paid by us will be considered an additional indebtedness to be repaid by you subject to interest. If the Vessel is lost, stolen, damaged or destroyed, you will notify us within 24 hours of such occurrence.

**12. SALE OF THE VESSEL:** You will not sell the Vessel without paying off the full balance due on the Debt secured by this Mortgage.

**13. LOCATION OF VESSEL:** You will not, without our prior written approval, take this Vessel beyond the limits of the United States. You will not abandon the Vessel.

**14. DISPLAY OF MORTGAGE ON VESSEL:** You will prominently display and keep the Coast Guard certificate of documentation and a completed copy of this Mortgage on board the Vessel. You will show them to all persons having business with the Vessel and to us upon demand.

**15. BILLS AND TAXES:** You will pay all repair bills, storage bills, taxes, fines or other charges on the Vessel. If we pay any of these bills, you will repay us on demand, with interest.

**16. CARE OF THE VESSEL:** You will keep the Vessel in good condition and repair.

**17. SEIZURE OF THE VESSEL:** You will notify us promptly if the Vessel is libeled, attached, detained, seized or levied upon or taken into custody by any court or other authority. You will immediately take steps to have the Vessel released.

**18. INSPECTION OF VESSEL:** You will at all times allow us to inspect the Vessel and its cargo and papers and examine your related accounts.

**19. LATE CHARGES AND ATTORNEY'S FEE:** You agree to pay any late charges that become due under the Debt. If proceedings are brought to foreclose this Mortgage, you agree to pay attorney's fees and court costs.

**20. DEMAND FOR FULL PAYMENT/DEFAULT:** You will be in default, and we may demand full payment at once of all you owe under the Debt secured by this Mortgage, if you (a) do not make any payment when due; or (b) fail to perform any of the terms and conditions of the Mortgage or the Debt it secures; or (c) have made any misleading

(Preferred Ship Mortgage, page 2 of 3)

statement about any important fact in this Mortgage or the Debt secured by this mortgage, or in your application for credit approval; or (d) die, or (e) become insolvent; or (f) file for bankruptcy or similar relief, or let a lien be placed on the Vessel; or if (g) the Vessel lessens in value or becomes valueless other than through normal depreciation; or if (h) your ability to make timely payments is cut off; or if (i) anything else happens that we in good faith and with reasonable cause believe may endanger your ability to pay this Mortgage. FOR CORPORATE MORTGAGOR: If this Mortgage is given by a corporation, we may also request full payment if the corporation ceases doing business as a going concern or makes an assignment for benefit of creditors, liquidates substantially all of its assets, files for dissolution, or sells all or a controlling interest in the stock of the corporation.

**21. REPOSSESSION AND FORECLOSURE:** If you are in default, we have the right to repossess and sell the Vessel without court order. Alternatively, we have the right to foreclose in federal court under the maritime laws of the United States. We also have the right to exercise any and all other remedies available under the Note, the Loan Documents, or applicable law. No action on our part will constitute an election or remedies to the exclusion of others.

**22. PROCESS OF SALE:** If we resell the Vessel, we will subtract any late charges, cost of taking the Vessel, storage, costs of sale, reasonable attorney's fees and court costs from the price at which the Vessel is sold to arrive at net sale proceeds. If you owe more than the net sales proceeds, you will pay us the difference. If you owe less than the net sale proceeds, you will receive the difference from us.

**23. NO WAIVER OF RIGHTS:** We may delay in enforcing any of our rights without losing any of them.

**24. CHOICE OF LAW:** This mortgage is subject to the substantive laws of the State of Florida except to the extent it is governed by the laws of the United States.

**25. TIME IS OF THE ESSENCE:** Time is of the essence in this Mortgage.

**26. INVALID PROVISIONS:** If any provisions of this Mortgage cannot be enforced, the rest of the Mortgage will stay in effect.

WITNESS:

by: _____
DARRELL HALLETT – MANAGER/ SOLE/MEMBER
HALLETT COMPANY LLC

_____        by: _____

**ACKNOWLEDGMENT**

STATE OF: _____

COUNTY OF: _____

The foregoing instrument was acknowledged before me this____ day of **JULY 2016**
By **DARRELL HALLETT – MANAGER / SOLE MEMBER OF HALLETT COMPANY LLC,** who is personally known to me; or who has produced (type of identification)_____ as identification and who acknowledged execution of the foregoing instrument in their stated capacities for the purposes therein contained.

In witness whereof, I have hereunto set my hand and seal this ____ day of **JULY 2016**

_____        my commission expires:
NOTARY PUBLIC                                  (stamp/seal)

(Preferred Ship Mortgage, page 3 of 3)

# CALIFORNIA ALL- PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California }

County of Orange }

On July 25, 2016 before me, Terry Savage Maxwell Notary
(Here insert name and title of the officer)

personally appeared Darrell M. Hallett

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

TERRY SAVAGE-MAXWELL
Commission # 2112609
Notary Public - California
Orange County
My Comm. Expires Jun 18, 2019

_____
Notary Public Signature                    (Notary Public Seal)

---

## ADDITIONAL OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

_____
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date_____

CAPACITY CLAIMED BY THE SIGNER
- ☑ Individual (s)
- ☐ Corporate Officer

  _____
  (Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other Man-ar/member

©2014-v.www.NotaryClasses.com 800-873-9865

### INSTRUCTIONS FOR COMPLETING THIS FORM

*This form complies with current California statutes regarding notary wording and, if needed, should be completed and attached to the document. Acknowledgments from other states may be completed for documents being sent to that state so long as the wording does not require the California notary to violate California notary law.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.

## LIMITED POWER OF ATTORNEY

To effect U.S. Coast Guard Documentation and First Preferred Ship Mortgage in favor of the lender upon the vessel:

NAME OF VESSEL: BLRINLEY GREYSON
HIN#: FGQ8E111H708
OFFICIAL#: 1229074

I hereby irrevocably appoint ALAN SWIMMER, G. ROBERT TONEY, JOHN COOKLEY, A. TOMMY BOISVERT, JR., AND LISA S. TROCCOLI to act as my true and lawful attorney-in-fact to execute and deliver to the U.S. Coast Guard any documents, Documentation or paperwork required to obtain U.S. Documentation and/or to execute and deliver a United States First Preferred Ship Mortgage upon the vessel described above and to secure the above-named lender.

Each attorney-in-fact named above has full authority to do anything necessary or advisable to sign and deliver Documentation and the First Preferred Ship Mortgage. I approve in advance anything that such attorney-in-fact may lawfully do or cause to be done under this Power of Attorney. Any attorney-in-fact may do everything to give full legal effect to this Power of Attorney including, but not by way of limitation, the execution and filing of a confirmatory mortgage or amendment in the event of a clerical error on the original mortgage.

IN WITNESS WHEREOF, I hereunto set my hand and seal this ___25th___ day of JULY 2016
SIGNED, SEALED AND DELIVERED IN THE PRESENCE OF (all owners must sign).

BY: _____          _____
      DARRELL HALLETT

### ACKNOWLEDGMENT

STATE OF ____                        COUNTY OF _____

On this _____ day of JULY 2016, personally appeared before me DARRELL HALLETT (INDIVIDUAL) to me known to be the person(s) who executed the foregoing instrument and acknowledged to me that HE executed and delivered the same as HIS free act and deed for the uses and purpose therein set forth.

_____          _____
NOTARY PUBLIC Signature                    MY COMMISSION EXPIRES

Notary Printed Name: ___Terry Savage-Maxwell___

Notary Phone Number: ___949-363-0483___

# CALIFORNIA ALL- PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California _____ }

County of Orange _____ }

On July 25, 2016 before me, Terry Savage-Maxwell, Notary
(Here insert name and title of the officer)

personally appeared Darrell M. Hallett _____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____                     (Notary Public Seal)
Notary Public Signature

**TERRY SAVAGE-MAXWELL**
Commission # 2112609
Notary Public - California
Orange County
My Comm. Expires Jun 18, 2019

---

## ADDITIONAL OPTIONAL INFORMATION

**DESCRIPTION OF THE ATTACHED DOCUMENT**

_____
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date_____

**CAPACITY CLAIMED BY THE SIGNER**
- ☑ Individual (s)
- ☐ Corporate Officer

   _____
   (Title)

- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other _____

··· w.NotaryClasses.com 800-873-9865

## INSTRUCTIONS FOR COMPLETING THIS FORM

*This form complies with current California statutes regarding notary wording and, if needed, should be completed and attached to the document. Acknowledgments from other states may be completed for documents being sent to that state so long as the wording does not require the California notary to violate California notary law.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they- is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
   ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
   ❖ Indicate title or type of attached document, number of pages and date.
   ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.

**EXHIBIT 3**

NATIONAL MARITIME SERVICES

1560 Sawgrass Corporate Parkway, 4th Floor

Ft. Lauderdale, FL 33323

(954) 990-1290

SUMMARY OF CHARGES

8/14/2018

BILL TO:

ST Liberty LLC

Hallett Company LLC, defendant

38 Fountain BRINY GREYSON

CASE NUMBER: 18-00096 CA CENTRAL

ARREST DATE: April 21, 2018

ASSIGNMENT 81130

| Date | Description | Units | Unit cost | Amount |
|------|-------------|-------|-----------|--------|
| 4/21/2018 | Mobilization fee | 1 | 1,295.00 | 1,295.00 |
| 4/21/2018 | Relocation | 1 | 1,650.00 | 1,650.00 |
| 4/21/2018 FWD | Storage | 4 | 400.00 | 1,600.00 |
| 4/21/2018 FWD | Insurance | 4 | 98.00 | 392.00 |
| 4/21/2018 FWD | Custodians liability insurance | 4 | 590.00 | 2,360.00 |
| 4/21/2018 FWD | Custody fee | 115 | 50.00 | 5,750.00 |
| | TOTAL | | | 13,047.00 |
| | | | | |
| | BALANCE DUE | | | 13,047.00 |